S. LANE TUCKER
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: mac.caille.petursson@usdoj.gov

RACHEL L. ROTHBERG
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave NW, 11th Fl
Washington, DC 20530
Email: Rachel.Rothberg@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>SETH HERRERA,<br><br>                Defendant. | No. 3:24-cr-00091-SLG-KFR |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY**

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3509, the United States of

America hereby files this Unopposed Motion for Protective Order, and respectfully

requests that the Court enter the attached proposed order restricting the dissemination of material that will be disclosed to Defendant Seth Herrera and his defense team pursuant to its discovery obligations. In support thereof, the Government states as follows:

On August 22, 2024, a federal grand jury returned an indictment charging Defendant Seth Herrera ("Herrera") with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1), receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

The United States is preparing to produce discovery to Herrera. The discovery in this case includes, among other things, (1) information about an ongoing undercover operation which, if publicly disclosed, could compromise ongoing investigations, (2) information concerning sensitive law enforcement techniques and sources of information that, if publicly disclosed, could compromise ongoing investigations, (3) child pornography, devices containing child pornography, and evidence that is otherwise intermingled with child pornography, and (4) information concerning child victims. In order to produce discovery to Herrera and his counsel while protecting these and other categories of sensitive information, the United States asks the Court to enter the attached proposed order.

//

*United States v. Herrera*
3:24-cr-00091-SLG-KFR
2
Case 3:24-cr-00091-SLG-KFR   Document 12   Filed 09/12/24   Page 2 of 5

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008) (recognizing that Rule 16(d)(2) grants the court "broad authority" to enforce Rule 16(d)(1), including by any order "that is just under the circumstances"); *see also Alderman v. United States,* 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Crime victims possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

Section 3509(d)(1) of Title 18 of the U.S. Code provides restrictions on the use and dissemination of any information in a criminal proceeding that may identify a child victim or witness. Under this provision, such information must be kept in a secure place and may be disclosed only to people who have reason to know such information. Section 3509(d)(2) also provides that information identifying child

victims or witnesses must be filed under seal "without necessity of obtaining a court order." Federal law is so protective of information concerning child victims and witnesses that a knowing or intentional violation of 18 U.S.C. § 3509(d) is punishable by up to one year in prison. *See* 18 U.S.C. § 403.

Section 3509(m)(1) and (2) of Title 18 of the U.S. Code provide that "[i]n any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court." They further provide that:

> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

In light of the foregoing, the Government respectfully requests that the Court enter an order placing the restrictions on the discovery materials made and to be made available to Herrera in this case as set forth more specifically in the attached proposed order.

//

The undersigned has conferred with counsel for Herrera. Counsel has authorized the undersigned to represent that counsel has no objection to entry of the protective order sought.

RESPECTFULLY SUBMITTED this 12th day of September, 2024, in Anchorage, Alaska.

        S. LANE TUCKER
        United States Attorney

        s/ *Mac Caille Petursson*
        MAC CAILLE PETURSSON
        Assistant U.S. Attorney

        s/ *Rachel L. Rothberg*
        RACHEL L. ROTHBERG
        Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2024
a true and correct copy of the foregoing
was served electronically on all counsel of
record.

s/ *Mac Caille Petursson*

*United States v. Herrera*
3:24-cr-00091-SLG-KFR     5
Case 3:24-cr-00091-SLG-KFR   Document 12   Filed 09/12/24   Page 5 of 5