MICHAEL J. HEYMAN
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov

RACHEL L. ROTHBERG
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave NW, 11th Fl
Washington, DC 20530
Email: rachel.rothberg@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SETH HERRERA,<br><br>    Defendant. | No. 3:24-cr-00091-SLG-KFR |

**NOTICE OF EXPERT WITNESS UNDER FEDERAL RULE 16(a)(1)(G)**

The United States, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, hereby provides to defendant the following notice relating to expert testimony the United States may offer in the trial of this case.

*Expert Qualifications*

Rule 702 of the Federal Rules of Evidence provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. The Committee Note to the rule provides that "if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts [of the case]." The United States provides the following proffer to fulfill the above requirements and the requirement of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and describes the witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications and previous testimonies.

*Expert Witnesses*

The United States anticipates calling as witnesses at trial James M. Fottrell, the Director of the High Technology Investigative Unit (HTIU) at the Department of Justice's Child Exploitation and Obscenity Section (CEOS); and Lindsey Lepchitz, a former Digital Investigative Analyst (DIA) with HTIU and current Solutions Engineer with Cellebrite.

U.S. v. Herrera
3:24-cr-00091-SLG-KFR
Page 2 of 12
Case 3:24-cr-00091-SLG-KFR    Document 46    Filed 05/12/25    Page 2 of 12

The United States anticipates that these witnesses will testify regarding their specialized training and knowledge of the imaging and examination of digital media, as well as their identification and review of forensic artifacts located on the defendant's devices. Generally, these witnesses will be asked to explain their respective training and background; the nature of the examinations they conducted in this case, specifically involving devices belonging to the defendant; the methods and tools they used to assist in their examinations; and the conclusions and observations resulting from the examinations.

The witnesses' qualifications, their analysis of relevant reports, facts and evidence, and the conclusions and opinions drawn therefrom, set forth the bases of their expected testimony, as described more fully below. The United States previously disclosed the reports detailing their findings, conclusions, and opinions, in discovery.[1]

1. **Lindsey Lepchitz** – former Digital Investigative Analyst with HTIU, Solutions Engineer for Cellebrite Federal Solutions
   Vienna, VA

Ms. Lepchitz is currently a Solutions Engineer for Cellebrite Federal Solutions. Prior to that, Ms. Lepchitz served as a DIA in HTIU from August 2021 to November 2024. Ms. Lepchitz holds a Bachelor's Degree in Criminal Justice and a Master of Science degree in CyberSecurity from the University of Alabama. In her role at HTIU, Ms. Lepchitz conducted forensic analysis of seized computer systems, servers, mobile devices, and other

---

[1] At the time of filing this notice, records in support of this information will be re-identified in previously produced discovery, rather than filed with the Court. Moreover, the witnesses' CVs will be disclosed directly to the defense counsel, rather than attached to this notice.

U.S. v. Herrera
3:24-cr-00091-SLG-KFR

Page 3 of 12
Case 3:24-cr-00091-SLG-KFR   Document 46   Filed 05/12/25   Page 3 of 12

media. She conducted investigations and analysis of Internet technologies used to commit federal child exploitation offenses. Ms. Lepchitz utilized various forensic tools, including EnCase, Axiom, Griffeye, Cellebrite, and open-source technologies to identify criminal activity relating to an investigation. She has also received professional training and certifications in computer forensics and mobile forensics, including Cellebrite, as further detailed in her CV.

Ms. Lepchitz has not testified as an expert at trial or at a deposition in the past four years, and she has not authored any publications in the past ten years. She has been qualified as an expert in digital forensics and child pornography during the sentencing for *United States v. Delgado Rosas et. al.*, 3:23-cr-00093 (E.D.Va. 2023).

In general, Ms. Lepchitz is expected to testify about the process and purpose of creating a forensic image, the process and purpose of performing a forensic examination, the methods and software she used in the examinations in this case, and the results of her examinations.

Ms. Lepchitz will testify regarding the procedures for forensic imaging of digital evidence, specifically mobile forensic evidence. She will testify that she extracted data from four Samsung cellular telephones identified below using established tools, policies, and procedures recognized in the field. Ms. Lepchitz's testimony will be based on her knowledge, skill, education, experience and training and her application of each of those to the evidence in this case. Ms. Lepchitz used imaging equipment and forensic software in a way that is reliable and that can be reproduced, and that is generally accepted in the

field. In broad summary, such examination consists of making a forensically sound, verifiable, exact copy of the digital evidence, without alterations to the original digital evidence. She will testify that she made a forensically accurate copy of digital evidence seized using practices, methods, and verifications that are generally accepted in the field of digital forensics.

Ms. Lepchitz is expected to testify regarding her forensic extractions of the following devices seized from defendant Seth Herrera:

- a Samsung Galaxy S21 Ultra mobile device (IMEI: 356592513458147), seized from the defendant on May 14, 2024 [Evidence Item 5, Incident 2024312600004501]. Ms. Lepchitz created a full file system extraction of this device using Cellebrite Premium 7.69.

- a Samsung Galaxy S23 Ultra mobile device (IMEI: 358163261190783) seized from the defendant on May 14, 2024. [Evidence Item 4, Incident 2024312600004501]. Ms. Lepchitz created a partial full file system extraction of this device using Cellebrite Premium and Cellebrite UFED 4PC Version 7.69.

- a Samsung Galaxy S8+ mobile device (IMEI: 355979084004841) seized from the defendant on May 14, 2024. [Evidence Item 15, Incident 2024312600004501]. Ms. Lepchitz created a partial full file system extraction of this device using Cellebrite Premium 7.69.

- a Samsung Galaxy S23 Ultra mobile device (IMEI: 355752920102024) seized from the defendant on August 23, 2024 [Evidence Item 1, Incident

2024312600005301]. Ms. Lepchitz created a full file system of this device using Cellebrite Premium 7.70.502.

Ms. Lepchitz will explain that she received the above-devices from Homeland Security Investigations (HSI), and she will describe the process of extracting the above devices, including the difference between a full file system extraction and a partial full file system extraction. Specifically, Ms. Lepchitz extracted the data from the devices using Cellebrite UFed4PC version 7.69 and Cellebrite Premium, forensic software designed to reliably extract cell phone data into a zip file. Ms. Lepchitz is expected to testify that, in this case, each extraction of data from the cellphones produced an alphanumeric hash file which is used to verify the accuracy of the extraction. The data from the extraction was processed using Cellebrite Physical Analyzer, a forensic software designed to reliably process and render the digital data extracted from cell phones. Ms. Lepchitz successfully processed the data and generated an unfiltered report. Ms. Lepchitz then performed a validation check of the actual data on each cellphone and compared it to her generated reports to determine that each extraction was consistent with the data on the phone. In particular, Ms. Lepchitz will testify that she conducted hash value verification for these devices (*i.e.*, that she created a true and accurate image of those devices). She may testify regarding log files generated during the hash verification process, as well as the MD5 and SHA1 hash values.

Ms. Lepchitz's opinions are reflected in her reports (and attachments thereto) dated August 26, 2024 and October 7, 2024, and previously provided in discovery at

Herrera_00000502-504 and Herrera_00000488-497.

In accordance with Fed. R. Crim. P 16(a)(1)(G)(v), I approve this disclosure:

_____  5/1/25
LINDSEY LEPCHITZ
Former DIA, High Technology Investigative Unit, DOJ
Solutions Engineer, Cellebrite

2. **James M. Fottrell** – Director
High Technology Investigative Unit, Department of Justice, Child Exploitation and Obscenity Section
Washington, DC

Mr. Fottrell is the Director of the High Technology Investigative Unit ("HTIU") at the U.S. Department of Justice, Criminal Division, Child Exploitation and Obscenity Section. He has held this position since 2002, and he has been a computer forensic examiner since 1992. In his capacity as Director of HTIU, Mr. Fottrell supervises a team of Digital Investigative Analysts who conduct forensic analysis of seized computer systems, servers, mobile devices, and other media to provide investigative and analytical support to prosecutors and law enforcement agents. He regularly conducts online investigations and analysis of internet technologies used to commit federal child exploitation offenses. He has conducted and assisted with numerous investigations involving child pornography trafficking via encrypted chat applications and the dark web. Mr. Fottrell has numerous certifications, including certifications in Encase and computer evidence recovery training. In addition to his on-the-job experience analyzing digital

U.S. v. Herrera
3:24-cr-00091-SLG-KFR

devices, he has taken and taught numerous training courses connected to the analysis of computers, cellphones, and online child exploitation offenses. Mr. Fottrell has testified as an expert in numerous federal child exploitation trials on the subject of gathering and assessing digital forensic evidence as well as the investigation of child exploitation crimes on the internet. He holds a bachelor's degree in computer science from the State University of New York, College at Oswego.

Mr. Fottrell has testified thirty-one (31) times in federal court in the United States and has also testified in criminal proceedings in the United Kingdom. In the last four years, Mr. Fottrell has testified as an expert witness in the following cases: *United States v. Clint Schram*, 5:20-cr-6002 (W.D. Mo. 2023); *United States v. Christopher Kuehner*, 1:22-cr-00120 (E.D. Va. 2023); *United States v. Derek Flaming*, 4:21-cr-00281 (N.D. Okla. 2022); *United States v. Ashley Kolhoff*, 1:21-cr-00158 (E.D. Va. 2022); *United States v. Joshua Duggar*, 5:21-cr-50014 (W.D. Ark. 2021); *United States v. James Clawson*, 1:20-cr-00119 (E.D. Va. 2021); and *United States v. Christopher Sueiro*, 1:17-cr-00284 (E.D. Va. 2021). Mr. Fottrell also testified in *Commonwealth of Massachusetts v. Helmdean Noel*, 2084CR00175 (Superior Court, Suffolk County Criminal 2023). He has authored no publications in the last ten years.

Mr. Fottrell's qualifications, along with his review and analysis of the forensic evidence in this case and the reports and attachments he generated based on that evidence, set forth the bases of his expected testimony.

Mr. Fottrell is expected to testify that he received and reviewed forensic copies of

the digital devices identified above that Ms. Lepchitz had previously extracted. He is generally expected to provide testimony relating to his analysis of the extractions created by Ms. Lepchitz. Mr. Fottrell will independently convey the disclosures and opinions in the reports previously produced at Herrera_00000502-504 and Herrera_00000488-497, as well as the corresponding attachments to those reports (both contraband and non-contraband).

Mr. Fottrell will testify about common forensic artifacts in child exploitation investigations, including, but not limited to, browsing history, thumbnail images, and cache files and artifacts associated with recently viewed or accessed images and videos. Mr. Fottrell will further testify about his review of child sexual abuse material (CSAM) and the specific forensic artifacts located on the defendant's devices.

Mr. Fottrell will also testify about commonly used terminology in child sexual exploitation cases (*e.g.,* "pthc" and "loli"). He is expected to testify about his familiarity with child pornography "series."

Mr. Fottrell will testify regarding various internet-based applications located on the defendant's devices, including Telegram, Enigma, Nandbox, Potato Chat, and MegaNZ. He will further testify regarding The Onion Browser (TOR), Genesis browser, and the dark web. He will testify about password-protected privacy applications on the defendant's phones, including PhotoVault and Calculator App. Additionally, he will testify regarding Artificial Intelligence (AI) technology, including online chatbots, that can be used to generate child pornography.

In accordance with Fed. R. Crim. P 16(a)(1)(G)(v), I approve this disclosure:

_____
Digitally signed by JAMES FOTTRELL
Date: 2025.05.01 13:29:49 -04'00'

JAMES M. FOTTRELL
Director, High Technology Investigative Unit
Department of Justice, Child Exploitation and Obscenity Section

~~~~

The government reserves its right to present testimony from the above witnesses regarding any forensic findings expressed in the extraction reports and attachments, all of which have been previously provided or, if they contain contraband, have been made available for review and will continue to remain available for review.[2] As additional evidence and/or exhibits are identified or prepared, the government will provide notice of any new or additional testimony that might be relied upon by experts in this case.

*Notice of Request for Reciprocal Discovery*

Under Rule 16(b)(1)(C), the United States requests a written statement of any testimony that Defendant intends to use under Rules 702, 703, and/or 705 of the Federal Rules of Evidence as evidence at trial. This statement must include a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which,

---

[2] Of note, government counsel presented the evidence, including contraband, to defense counsel during a reverse proffer on October 1, 2024.

U.S. v. Herrera
3:24-cr-00091-SLG-KFR
Page 10 of 12

during the previous 4 years, the witness has testified as an expert at trial or by deposition.

The United States also asks for prior statements of all witnesses (except Defendant) under Rule 26.2.

RESPECTFULLY SUBMITTED May 12, 2025 at Anchorage, Alaska.

        MICHAEL J. HEYMAN
        United States Attorney

        /s Rachel L. Rothberg
        RACHEL L. ROTHBERG
        Trial Attorney
        MAC CAILLE PETURSSON
        Assistant United States Attorney
        United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025
a true and correct copy of the foregoing
was served electronically on:

Ben Muse

/s Rachel L. Rothberg
Office of the U.S. Attorney

U.S. v. Herrera
3:24-cr-00091-SLG-KFR